23CA1763 Walton v Brooks 09-05-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1763 Montrose County District Court No. 23CV10 Honorable Mary E. Deganhart, Judge Elizabeth C. Walton, Plaintiff-Appellee, v. Cynthia Brooks, Defendant-Appellant. ORDER AFFIRMED IN PART AND REVERSED IN PART Division VI Opinion by JUDGE SCHUTZ Freyre and Lipinsky, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced September 5, 2024 Chris Mahre & Associates, Chris Mahre, Grand Junction, Colorado, for Plaintiff-Appellee Cynthia Brooks, Pro Se 
1 ¶ 1 Cynthia Brooks appeals the district court’s order granting Elizabeth C. Walton her attorney fees and costs incurred in a forcible entry and detainer action (FED). We reverse the award of attorney fees and affirm the award of costs. I. Background ¶ 2 Walton is Brooks’s daughter. A dispute arose between them concerning their competing rights to possess certain property located in Naturita. Eventually, Walton initiated an FED action against Brooks, which resulted in the district court entering a judgment of possession in favor of Walton and against Brooks. In a separate appeal, Walton v. Brooks, (Colo. App. No. 23CA1555, Sept. 5, 2024) (not published pursuant to C.A.R. 35(e)), we set forth the circumstances surrounding the parties’ dispute and affirm the district court’s judgment for possession. ¶ 3 After entering the judgment for possession, the district court awarded Walton her costs and attorney fees incurred in the litigation. Brooks appeals both awards, which we now address. 
2 II. Analysis A. Additional Facts and Applicable Law ¶ 4 Walton timely submitted her motion for an award of her attorney fees and costs, which was supported by an affidavit from her attorney. Walton claimed that she was entitled to an award of attorney fees under section 13-40-123, C.R.S. 2024: The prevailing party in any action brought under the provisions of this article is entitled to recover damages, reasonable attorney fees, and costs of suit; except that a residential landlord or tenant who is a prevailing party shall not be entitled to recover reasonable attorney fees unless the residential rental agreement between the parties contains a provision for either party to obtain attorney fees. (Emphasis added.) The General Assembly added the highlighted language to the statute in 2008. Ch. 387, sec. 2, § 13-40-123, 2008 Colo. Sess. Laws 1819-20. ¶ 5 Walton acknowledged that, as noted in the highlighted text, the statute limits a residential landlord’s recovery of attorney fees in an FED action to situations in which the parties’ residential rental agreement contains a fee-shifting provision. But Walton did not produce or allege a rental agreement between the parties that contained a reciprocal prevailing party attorney fees provision. 
3 ¶ 6 As she did in the district court, Walton asserts on appeal that Schuler v. Oldervik, 143 P.3d 1197 (Colo. App. 2006), “makes clear that this statute does not foreclose an award of fees when the court must first determine ownership of the property prior to awarding [the] right of possession.” As discussed more fully below, Schuler relied on the 2005 version of section 13-40-123 to award attorney fees to plaintiffs who successfully brought an FED action in which their claim for possession was based on adverse possession. Schuler, 143 P.3d at 1204. ¶ 7 Brooks timely responded to the motion for attorney fees. Though she did not contest the reasonableness of the claimed fees, Brooks argued, as she does on appeal, that the Schuler decision is factually and legally distinguishable, and that an award of attorney fees in this case was unwarranted. ¶ 8 The district court awarded Walton $10,318 for attorney fees and $517.67 for costs after finding that Brooks failed to “state any objection to the reasonableness or necessity of attorney fees requested.” With respect to the legal basis for the award, the district court reasoned: “Walton is entitled to an award of attorney 
4 fees and costs incurred in this action” pursuant to “the authority contained at” section 13-40-123 and Schuler. B. Standard of Review ¶ 9 We review an award of attorney fees for an abuse of discretion. In re Estate of Fritzler, 2017 COA 4, ¶ 24. An abuse of discretion occurs when the district court’s decision is manifestly arbitrary, unreasonable, or unfair, or misapplies the law. Id. at ¶ 6. C. Application ¶ 10 We agree with Brooks that Schuler is factually distinguishable from this case, and we also agree that Schuler is legally distinguishable, albeit on somewhat different grounds than those Brooks argued. First, as to the factual distinctions, in Schuler the plaintiffs brought an FED action against a neighbor. 143 P.3d at 1199. The dispute centered on a strip of land along the properties’ common boundary. Id. Legal title to the disputed land was in the defendants’ names, but the plaintiffs claimed ownership of the property — and hence, the right of possession — by adverse possession. Id. Thus, resolution of the claim in Schuler required the division to first determine whether the plaintiffs had established their adverse possession claim. 
5 ¶ 11 Walton and her sister, Kathryn Herland
1
, in contrast to the plaintiffs in Schuler, had record title to the disputed property. Their FED complaint was based on their record title and the theory that Brooks was a tenant at will who could be evicted at any time. Brooks asserted that she owned the property by adverse possession and therefore could not be evicted. But because Brooks failed to appear for the FED possession hearing, the district court was not required to formally resolve her adverse possession claim because she presented no evidence. Thus, unlike in Schuler, the claim of adverse possession was not resolved incident to Walton and Herland’s claim for possession. ¶ 12 Despite these factual differences, reasonable minds could debate whether Schuler’s rationale extends to the present situation. But here is where the legal distinction between the two cases becomes critical. Recall that in 2006, when the division decided Schuler, it applied the existing FED attorney fee provision. Id. at 1204. At that time, section 13-40-123 allowed a prevailing party in 1 Herland was a plaintiff in district court; however, the attorney fees and costs award was made solely in favor of Walton. Thus, Herland is not a party to this appeal. 
6 an FED action to recover attorney fees without qualification. § 13-
40-123, C.R.S. 2005. In 2008, however, the General Assembly amended the statute to add the final clause specifying that “a residential landlord or tenant who is a prevailing party shall not be entitled to recover reasonable attorney fees unless the residential rental agreement between the parties contains a provision for either party to obtain attorney fees.” Ch. 378, sec. 2, § 13-40-123, 2008 Colo. Sess. Laws 1819-20. ¶ 13 Returning to the undisputed facts of this case, Walton brought the FED action in 2023. Her claim for attorney fees was premised on the version of section 13-40-123 containing the language that the General Assembly added to the statute in 2008. Walton did not allege that the lease agreement with Brooks contained a provision permitting the prevailing party to recover attorney fees. Absent such a provision, section 13-40-123 precludes Walton from recovering her attorney fees in this action. Therefore, we reverse the district court’s award of attorney fees in favor of Walton. However, as the prevailing party, Walton is entitled to an award of her costs. Id. 
7 III. Disposition ¶ 14 We reverse the district court’s award of attorney fees in Walton’s favor but affirm its cost award of $517.67. JUDGE FREYRE and JUDGE LIPINSKY concur.